O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT REE SMITH, | ) | CASE NO. CV 09-03268 AHS (RZ) |
| Petitioner, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | SUMMARILY DISMISSING ACTION |
| | ) | WITHOUT PREJUDICE |
| U. S. BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Respondents. | ) | |

Because Petitioner brings a habeas action that improperly challenges conditions of his confinement rather than the validity or duration of that confinement, this action is not a proper petition for habeas corpus relief.  The Court thus will dismiss the action summarily, without prejudice to Petitioner's pursuit of relief through a civil rights action.

**I.**

**BACKGROUND**

Petitioner Robert Ree Smith is an federal inmate housed in San Bernardino. On May 8, 2009, he filed the present Petition For Writ Of Habeas Corpus By A Person In Federal Custody (28 U.S.C. § 2241).  He alleges that he is in the San Bernardino County jail, en route to an eventual transfer to Coleman Federal Correctional Institution in Florida.

1    What aggrieves Petitioner are the conditions of his confinement at the jail while he awaits

2    his transfer, including such things as poor food, broken eyeglasses that have not been

3    replaced, and being issued only one pair of undergarments per week. "[T]he remedy that

4    he seeks," as he explains in plain language, is not to be set free, or to be set free sooner than

5    now scheduled, but "to be transferred to his designated location in Coleman F.C.I. in

6    Florida" sooner rather than later.

7

8                                                **II.**

9       **HABEAS CORPUS GENERALLY MAY CHALLENGE THE FACT OR**

10      **DURATION OF CONFINEMENT, BUT NOT THE CONDITIONS THEREOF**

11                  The principal purpose of a habeas corpus writ is to provide a remedy for

12   prisoners challenging the *fact or duration* of their confinement and who, thus, are seeking

13   either immediate release or a sooner-than-currently-scheduled release. *See Preiser v.*

14   *Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding that habeas

15   petition, not civil rights action, was proper vehicle for seeking restoration of good-time

16   credits). The Supreme Court has left open the possibility that habeas petitions "may . . .

17   also be available to challenge . . . prison conditions," which ordinarily must be challenged

18   by way of a civil rights action. *Id*. at 499-500; *accord, Bell v. Wolfish*, 441 U.S. 520, 527

19   n.6, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) (noting the possibility of habeas as a means

20   to address prison conditions, but declining to decide the issue). Nor has the Ninth Circuit

21   completely foreclosed the possible use of habeas actions to challenge prison living

22   conditions. *See Docken v. Chase*, 393 F.3d 1024, 1030 & n.6 (9th Cir. 2004) (collecting

23   cases illustrating how the Ninth and several other "Circuits have struggled . . . with the

24   distinction between the two remedies" but noting that "[n]one ha[s] suggested that the

25   avenues for relief must always be mutually exclusive).

26                  But such use of the habeas corpus action appears to be the exception, both in

27   this jurisdiction and others. The Ninth Circuit has made clear that the preferred, "proper"

28   practice is to limit habeas cases to claims that would lead to the petitioner's release sooner

1   than otherwise would occur, and to confine other prisoner claims to civil rights suits.  *See*

2   *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (holding that, because the subset of

3   prisoner-plaintiff claims that could have been brought in a habeas action had become moot,

4   district court could and should proceed with remaining claims, which challenged

5   conditions, and not fact or duration, of confinement); *accord*, *Crawford v. Bell*, 599 F.2d

6   890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because petition's

7   challenges to conditions of confinement must be brought in civil rights action).

8           Several cases from other jurisdictions also persuasively hold that habeas

9   corpus ordinarily is a proper vehicle only for those claims that, if successful, would result

10  in the petitioner's accelerated release.  *See, e.g.*, *Carson v. Johnson*, 112 F.3d 818, 820-21

11  (5th Cir. 1997) (applying a "bright-line rule" whereby prisoner's action properly may be

12  a habeas petition if and only if a favorable ruling automatically would entitle prisoner to

13  accelerated release; all other prisoner actions sound in civil rights, not habeas); *Turner v.*

14  *Johnson*, 46 F. Supp. 2d 655, 665 (S.D. Tex. 1999) ("when a reassignment from

15  administrative segregation . . . would not automatically shorten [a prisoner's] sentence or

16  lead to his immediate release, no liberty interest is implicated" under the Due Process

17  Clause) (*following Carson, supra*); *Frazier v. Hesson*, 40 F. Supp. 2d 957, 962 (W.D.

18  Tenn. 1999) (holding that prisoner may not employ habeas corpus petition "to attack his

19  confinement to segregation or . . . a maximum security classification").  Judge Easterbrook,

20  writing for the Seventh Circuit in *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998), openly

21  questioned whether the state prisoner-petitioner in that case properly could utilize § 2254,

22  rather than § 1983, to challenge his three-year assignment to disciplinary segregation for

23  conspiring to incite a prison riot – but the Seventh Circuit's decision did not require an

24  answer to that question.  140 F.3d at 714 (*dicta*).

25           Here, if Petitioner's claims were to succeed, he would not be entitled to an

26  accelerated release from confinement.  Instead, he might receive improvements in the

27  conditions *of* his confinement.  The Court sees no justification in this instance for deviating

28  from what the Supreme Court in *Preiser,* the Ninth Circuit in *Badea*, and other courts

1  elsewhere have held to be the "proper" course, namely requiring conditions-of-confinement

2  claims like Petitioner's to be brought in a civil rights lawsuit, not in a habeas corpus

3  petition.  Thus, dismissal without prejudice is the proper course.

4

5                                          **III.**

6                                    **CONCLUSION**

7              For the foregoing reasons, the Court DISMISSES the action WITHOUT

8  PREJUDICE.

9

10             IT IS SO ORDERED.

11

12             DATED: May 14, 2009

13                                                  ALICEMARIE H. STOTLER

14                                          _____
                                               ALICEMARIE H. STOTLER
15                                          UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28